UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALLEN GERVAIS,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:22-cv-00913-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 16). |

    This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 11).

    Plaintiff presents a single issue for review: "The ALJ's RFC is unsupported and the product of legal error because he failed to evaluate the medical opinion of Arul Sangani, M.D. in accordance with the requirements of 20 C.F.R. 416.920c." (ECF No. 16, p. 3).

    Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court finds as follows:

## I. ANALYSIS

Plaintiff argues that the ALJ erred in addressing the supportability and consistency factors when considering the persuasiveness of Dr. Sangani's opinion, which led to an unsupported RFC. (ECF No. 16, p. 3). Defendant argues that the ALJ correctly addressed these factors. (ECF No. 19, p. 12).

Because Plaintiff applied for benefits in 2019, certain regulations concerning how ALJs must evaluate medical opinions for claims filed on or after March 27, 2017, govern this case. 20 C.F.R. §§ 404.1520c, 416.920c. (AR 118). These regulations set "supportability" and "consistency" as "the most important factors" when determining an opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). And although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assignment of specific "weight" to a medical opinion, the ALJ must still "articulate how [he or she] considered the medical opinions" and "how persuasive [he or she] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a)-(b); 416.920c(a)-(b).

As for the case authority preceding the new regulations that required an ALJ to provide clear and convincing or specific and legitimate reasons for rejecting certain medical opinions, the Ninth Circuit has concluded that it does not apply to claims governed by the new regulations:

> The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant. *See* 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . ., including those from your medical sources."). Our requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, *see Murray*, 722 F.2d at 501–02, is likewise incompatible with the revised regulations. Insisting that ALJs provide a more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources—contrary to the revised regulations.

*Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Accordingly, under the new regulations, "the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787. Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a

preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

In conjunction with this requirement, "[t]he agency must 'articulate . . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these findings, *id.* § 404.1520c(b)(2)." *Woods*, 32 F.4th at 792.

> Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence. *Id.* § 404.1520c(c)(1). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim. *Id.* § 404.1520c(c)(2).

*Id.* at 791-92.

Lastly, as Plaintiff's argument ultimately attacks the ALJ's RFC formulation, the Court notes that the ALJ assessed the following RFC for Plaintiff:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the individual can have no contact with the public and no more than occasional interaction with co-workers and supervisors; once work is assigned it should be able to be performed primarily without working in coordination with other employees; and the work should be limited to simple, routine work in occupations with an SVP of 2 or lower, performed in a low stress setting, which is defined as one having no fast-paced production requirement, such as fast-paced assembly line work or high volume piecemeal quotas, no greater than occasional changes in work routine or work setting, and which requires only occasional simple work-related decision making.

(A.R. 21).

In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g).

With the above standards in mind, the Court turns to the opinion of Dr. Sangani, who treated Plaintiff for mental health issues for about a year before completing a mental residual functional capacity questionnaire on a mostly checkbox form.

In deeming the opinion not "fully persuasive," the ALJ stated as follows:

> The opinion of Arul Sangani, M.D. has been considered but it is not found to be fully persuasive (Exhibit 7F). Dr. Sangani reported he has treated the claimant for one year but the record did not contain any treatment records in which he saw and treated the claimant. Dr. Sangani opined the claimant is capable of understanding and performing simple tasks; interact appropriately in the supervisors and the public; and adapt to changes in the workplace but would not be able to interact with coworkers without distracting them; and could not travel to unfamiliar places or use public transportation. He further opined the claimant would miss 2 days of work per month and inadequately perform at work 2 days a month. While the claimant's ability to perform low stress and simple tasks and interact appropriately with supervisors is supported by the overall record, including mental status evaluations and his activities of daily living, the objective medical evidence of record does not support the rest of his opinion. Dr. Sangani did not provide any support for his opinion that the claimant would miss work 2 days or be unable to adequately perform 2 days each month by referencing objective medical evidence and he did not explain on what he based his opinion. This is not supported by the claimant's mental status evaluations that show no deficits in attention or concentration or treatment record that indicate his symptoms are generally controlled with medications. As noted above, the claimant reported his anxiety is triggered by multistep tasks and fast paced tasks, and there is no evidence in the record to support the claimant could not maintain and sustain the unskilled and low stress work with limited interaction with coworkers and no interaction with the public prescribed in the residual functional capacity.

(A.R. 25).

As an initial matter, the Court notes that the ALJ found the bulk of Dr. Sangani's opinion persuasive, and the RFC generally accounted for the opinion by limiting Plaintiff's interaction with others and limiting him to simple and low stress work. However, the ALJ took issue with Dr. Sangani's conclusion that Plaintiff "would miss work 2 days or be unable to adequately perform 2 days each month." (A.R. 25, 436). Considering the supportability factor, the ALJ properly discounted Dr. Sangani's conclusion for failing to explain the bases for his assessments or cite supporting objective medical evidence. Notably, Dr. Sangani's assessment that Plaintiff would miss work two days or be unable to adequately perform two days each month was provided in check-box form, without any explanation of how this conclusion was reached. (A.R. 436); *see Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) ("An ALJ is not required to take medical opinions at face value, but may take into account the quality of the explanation when determining how much weight to give a medical opinion.").

While Plaintiff asserts that "the ALJ's treatment of the supportability of Dr. Sangani's

opinion is based on gross mischaracterization of the record" because there are "numerous abnormal mental status examinations that support the limitations," Plaintiff cites no records to support the conclusion that Plaintiff would miss work two days or be unable to adequately perform two days each month. (ECF No. 16, p. 18). Instead, Plaintiff only cites general information, such as his diagnoses, including "major depressive disorder," and symptoms, including "constant worry." (*Id.*). While the ALJ did not note every single such report in the record, the ALJ generally recognized this evidence throughout the opinion. (*See* A.R. 23 – noting "the record revealed treatment for diagnoses of major depressive disorder, generalized anxiety disorder"; also noting "[a] mental status evaluation revealed an anxious mood and constricted affect, poor eye contact, and restlessness"). Contrary to Plaintiff's suggestions, this is not a case where the ALJ simply ignored probative evidence. Rather, the ALJ acknowledged such evidence, but concluded that it ultimately did not support Dr. Sangani's assessments. While Plaintiff advocates for a different interpretation of the record, the ALJ's determination was reasonable and thus it must be upheld.[1] *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Plaintiff next argues that "[t]he ALJ's treatment of the factor of consistency is even more egregious as the ALJ failed to consider it at all." (ECF No. 16, p. 20). True, the ALJ did not use the term "consistency" in discussing Dr. Sangani's opinion. (A.R. 25). However, this is not fatal. As the Ninth Circuit has noted, references to "not supported" can be understood to mean that an "opinion was inconsistent with other record evidence." *Woods*, 32 F.4th at 793 n. 4 (noting that, although an ALJ's meaning may be clear from context, "to avoid confusion in future cases, ALJs

---

[1] The Court recognizes that Plaintiff argues that Dr. Sangani's opinion is also supported by a letter submitted to the Appeals Council by Shana Smith, MA, LMFT. (ECF No. 16, p. 21). However, contrary to Plaintiff's suggestion, the Appeals Council did not consider this letter because it was outside the relevant period: "You submitted a letter, from Shana Smith, MA, LMFT, dated November 6, 2021 (3 pages). The Administrative Law Judge decided your case through July 19, 2021. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before July 19, 2021." (A.R. 2); see 20 C.F.R. § 416.1470(a)(5) (noting that the Appeals Council will review a case, among other things, if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision").

should endeavor to use these two terms of art—'consistent' and 'supported'—with precision"). Notably, the ALJ found Dr. Sangani's assessment that Plaintiff would miss two days of work per month and inadequately perform at work two days a month "not supported by the claimant's mental status evaluations that show no deficits in attention or concentration or treatment record that indicate his symptoms are generally controlled with medication." (A.R. 25). While Plaintiff criticizes this as a "vague reference to the record at large," it is clear from context that this statement was referring to the ALJ's earlier discussion of the record in the opinion. (ECF No. 16, p. 20). Notably, just before discussing Dr. Sangani's opinion, the ALJ conducted an overview of the record, citing specific parts of the record that can reasonably be considered inconsistent with Dr. Sangani's opinion. (*See* A.R. 23, 355, 385, 398 – noting that, in October 2019, that Plaintiff was alert, had fair insight, and had good judgment on evaluation; also noting that, in January 2020, Plaintiff reported "doing well overall" and his conditions were "stable"; also noting in December 2020 that Plaintiff was doing well on medication).[2]

Lastly, the Court notes that the RFC was informed, in part, by the ALJ's consideration of the opinion of state agency medical consultants, both of which opined Plaintiff was not disabled and neither of which concluded that Plaintiff would miss work two days or be unable to adequately perform two days each month. (A.R. 24-25, 60-63, 74-77). The ALJ found both opinions "to be persuasive." (A.R. 25).

Plaintiff asserts that, because these physicians did not examine Plaintiff, their opinions cannot alone "constitute substantial evidence to justify rejecting an examining physician's opinion." (ECF No. 16, p. 21). However, as Defendant correctly notes, the caselaw Plaintiff relies on concerns the old regulations when the physician hierarchy was in place, which have since been replaced by the new regulations. (ECF No. 19, p. 14); *see Woods*, 32 F.4th at 787 ("For claims

---

[2] Plaintiff's reply argues that this Court is not permitted to make inferences or consider other parts of the ALJ's opinion in reviewing the assessment of Dr. Sangani's opinion. (ECF No. 21, p. 4). The Court disagrees. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (internal citation and quotation marks omitted) ("The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record."); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (internal citation and quotation marks omitted) (noting that harmless error applies where the ALJ's decision "may reasonable be discerned" even if explained "with less than ideal clarity").

subject to the new regulations, the former hierarchy of medical opinions—in which we assign presumptive weight based on the extent of the doctor's relationship with the claimant—no longer applies.").

Accordingly, the ALJ did not err in declining to find Dr. Sangani's opinion fully persuasive in conjunction with the supportability and consistency factors.

## II. CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security and to close this case.

IT IS SO ORDERED.

Dated: __June 12, 2023__            /s/ Eric P. Groig
                                    UNITED STATES MAGISTRATE JUDGE